IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

USDC/NDMS #2:09CV203-M-A

BRETT M. LAWLER                                                               PLAINTIFF

CV2009-0282CD

VS.                                               CIVIL ACTION NO. _____

ALLSTATE PROPERTY AND                                               DEFENDANTS
CASUALTY INSURANCE COMPANY
AND JOHN DOES 1 – 5

### COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and files this Complaint against the Defendants, and in support hereof would most respectfully show and state the following, to wit:

### PARTIES

1. The Plaintiff Brett M. Lawler is an adult resident citizen of Desoto County, Mississippi

2. The Defendant Allstate Property and Casualty Insurance Company (hereinafter Allstate) is a non-resident corporation doing business in the State of Mississippi and may be served with process by serving its registered agent CT Corporation System of Mississippi at 645 Lakeland Drive, Suite 101, Flowood, Mississippi.

3. The Defendants John Doe 1-5 are individuals or entities whose true names and addresses are unknown to Plaintiff at present, but who were employed by or were agents of Allstate during the time relevant hereto, and who received information and/or took action and/or failed to take action, all as set out herein, on behalf of Allstate in the course and scope of such employment.

FILED
OCT 14 2009
Circuit Court Clerk, Desoto County, MS

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to §9-7-81 of the Mississippi Code 1972, as amended, and Article 6 §156 of the Mississippi Constitution. Substantial acts or omissions upon which this action is brought occurred in Desoto County, Mississippi, and therefore, venue is proper in this Court pursuant to §11-11-3 of the Mississippi Code 1972, as amended.

## FACTS

5. At all relevant times herein and specifically on December 28, 2008, the Plaintiff Brett M. Lawler owned real property and a dwelling house located at 3661 Benvenue Cove, Hernando, Mississippi. The property and dwelling secured a loan and first lien deed of trust in favor of Litton Loan Servicing, LP (mortgagee).

6. On or about December 28, 2008, Mr. Lawler's dwelling house and its contents were destroyed by fire. At this time, Mr. Lawler, through his mortgagee Litton Loan Servicing LP, had fully paid a premium in the amount of $804.92 securing a fire and casualty insurance policy on his dwelling from Defendant Allstate in the amount of $118,444 and the contents in the amount of $82,911 (a copy of said policy and declaration page is attached hereto as collective "Exhibit A" and incorporated herein). At the time of the fire, said policy was valid and in full force and effect.

7. Shortly after said fire, Allstate was contacted, the loss was reported and a claim was filed. At all times, the Plaintiff completely cooperated with the Defendant's investigation of

the Plaintiff's claim, and on May 30, 2009 and June 9, 2009 he gave sworn statements at the request of Allstate in an examination under oath conducted by Allstate's attorneys.

8. On or about August 25, 2009, the Plaintiff was told during a phone conversation with an agent and/or employee of Defendant Allstate (upon information and belief Mr Wilbur Jordan and alternatively John Doe 1) that Allstate was going to pay off his mortgage balance secured by the real property but that his claims for property loss were being denied. He was told that he would receive a written denial from Allstate To date, the Plaintiff has still not received such written denial nor has his mortgage been paid in full by the Defendant as he was told in violation of §83-13-9 of the Mississippi Code of 1972, as amended. The Plaintiff has also not been given an explanation or reason for said denial and the Defendant has produced no evidence to justify the denial

9. Since the loss occurred on or about December 28, 2008, the Plaintiff and his family have been forced to live a nomadic lifestyle living in hotels, with other family members and in multiple rental units It has been almost 10 months since the date of loss which is more than enough time for the Defendant to investigate the claims and either pay the claim or issue a written denial letter with supporting evidence denying the claim As stated, the Defendant has done neither, and said oral denial was wrongful and was made without any legitimate or arguable reason

10. During the time period since the fire, the Plaintiff's interest liability on his mortgage to Litton Loan Servicing, LP has continued to be added to the principal balance of his mortgage. This has caused him to suffer a loss in owner's equity in the value of insurance proceeds that should have rightfully been paid to the Plaintiff's mortgagee and to him personally within a reasonable time following the fire Defendant Allstate knew or reasonably should have known that their actions and omissions would cause said harm to the Plaintiff.

3

11. At all relevant times, Mr. Wilbur Jordan and/or Defendants John Doe 1-5 were agents of and/or employees of Allstate. All knowledge and information of such agents and/or employees is imputed to Allstate. Allstate is vicariously liable for all actions and omissions of such Defendants, agents and/or employees. Each of the Defendants herein and the agents and employees of said Defendants owed to the Plaintiff a duty to perform their obligations under the contract as well as a duty of good faith and fair dealing.

### CAUSES OF ACTION

### BREACH OF CONTRACT

12. The actions and omissions of all the Defendants as set forth above both individually and collectively constitute an intentional and malicious breach of the terms of the Plaintiff's contract with Allstate. Allstate's conduct constitutes bad faith, a tortious breach of the Contract and a breach of the implied covenant of good faith and fair dealing.

### NEGLIGENCE

13. The actions and omissions of all of the Defendants as set forth above both individually and collectively constitute negligence, gross negligence and/or reckless disregard for the rights of the Plaintiff.

### DAMAGES

14. As a direct and proximate result of the actions and omissions of the Defendants set forth herein, the Plaintiff has incurred financial expense and loss, including, but not limited to, the loss of the policy benefits to which he and mortgagee Litton Loan Servicing, LP is rightfully entitled, in an amount of not less than $201,355.00, and a loss in his owner's equity in his property. As a further direct and proximate result of such actions and omissions on the part

4

of the Defendants the Plaintiff has been required to hire attorneys to represent him in this cause and has incurred expenses and costs of litigation, including an attorney's fee. As a further direct and proximate result of the actions and omissions of the Defendants, the Plaintiff has sustained mental and emotional distress, worry, anxiety and such other injuries and extra-contractual damages as may be more fully shown at the trial of this cause.

WHEREFORE, the Plaintiff demands judgment of and from the Defendants, jointly and severally, for actual and punitive damages in an amount in excess of the jurisdictional minimum of this Court, together with a reasonable attorney's fee and expenses of litigation, and together with interest at the lawful rate of eight percent (8%) per annum from and after December 28, 2008 until paid in full. The Plaintiff requests a trial by jury before this Court on all matters set forth herein.

Respectfully Submitted,

LAMAR & HANNAFORD, P.A.
John T. Lamar, Jr. (MSB# 1781)
John T. Lamar, III (MSB# 102494)
214 South Ward Street
Senatobia, MS 38668
Telephone: (662) 562-6537
Facsimile: (662) 562-4858

BY: *John T. Lamar III*
JOHN T. LAMAR, III
Attorneys for Plaintiff